# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YACUB AVICENNA MCCLENDON,<br><br>        Plaintiff,<br><br>    v.<br><br>K. HARRINGTON, et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:09-cv-01405-DLB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN **THIRTY (30) DAYS** |

**I.    Screening Order**

Plaintiff Yacub Avicenna McClendon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on August 12, 2009. (Doc. 1.) Plaintiff consented to magistrate judge jurisdiction on August 21, 2009. (Doc. 7.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.   Summary of Complaint

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants: warden K. Harrington, correctional sergeant N. Esparza, correctional officers M. Rients, J. Bittle, E. Parker, and N. Faulker, appeal coordinator CC II T. Billings, and John or Jane Does 1 through 3.

Plaintiff alleges the following. On October 1, 2008, Plaintiff at KVSP facility A building to serve out the remainder of his sentence. Plaintiff has been diagnosed with Type 1 diabetes for over 23 years, with many long-term complications. Plaintiff has a medically issued permanent chrono that permits him to wear special issued soft shoes for the pain and discomfort caused by neuropathy and nerve damage to his feet. Plaintiff also uses a cane to ease the pressure. At approximately 6:30 AM, Plaintiff was confronted by correctional officers Del Louth, Lopez, Garcia, and defendant N. Esparza, while he was being escorted by correctional officer Harrison to receive his insulin shot. Plaintiff was told that he was not allowed to enter the patio to medical unless he was wearing state-issued shoes. Plaintiff was denied access to medical to receive his insulin shot. Plaintiff was then forced back to his housing unit in full restraints by defendant N. Esparza and Lopez. Plaintiff was not allowed to receive his insulin shot for two days, amounting to six missed shots. Plaintiff's life was in danger as a result. Plaintiff suffered severe migraine

headaches for two days, fatigue, cramps in his legs and back, stabbing pain in his feet and toes, and near blindness from very high blood sugar levels. Plaintiff was weak, bed-ridden and unable to eat for two days. (Doc. 1, Compl. p. 4 of 54.)

On November 22, 2008, Plaintiff was stopped on his way to medical receive his morning insulin shot after breakfast. Plaintiff was told he had to return to his housing unit and put on his state-issued shoes. Plaintiff told the officers that last night, he had an emergency and was taken to the central hospital to receive medical treatment, and his state shoes had been left there. Defendants J. Bittle, E. Parker, and N. Faulker insisted he was lying and demanded that he return to his housing unit or he would not be allowed to receive his insulin shot. Plaintiff asked to speak with a sergeant and was denied. Defendant M. Rients came over from the program office and demanded that Plaintiff return to his housing unit. Plaintiff tried to explain his situation to defendant Rients, who told Plaintiff that it was too late and Plaintiff would not be getting his insulin shot. Defendant Rients pulled out his O.C. pepper spray and threatened to spray Plaintiff if he did not take it back immediately. Plaintiff backed away from defendant Rients, who was blocking Plaintiff's path to his housing unit. Plaintiff backed up to the center wall, and again asked to speak to a sergeant. Defendant Rients sprayed Plaintiff directly in the face, knocking off Plaintiff's glasses and sending Plaintiff to the ground. The following officers and N. Esparza stripped off Plaintiff's clothes, socks, and shoes, leaving Plaintiff barefoot on the ground. Plaintiff waited over 5 minutes before being decontaminated. Plaintiff was only half-contaminated, and was made to wait in a holding cage for over five hours. Plaintiff overheard defendant Rients and C/O Del Louth plotting how to stick Plaintiff with false charges. Plaintiff was later transferred to administrative segregation on false charges, and was locked away for 167 days. Plaintiff was not found guilty and released to D facility. (Compl. pp. 5-7 of 54.)

Plaintiff had filed numerous inmate appeals to resolve his conditions of confinement issues, and has been denied his due process and right of access to the courts by defendant T. Billings. Defendant Billings uses false excuses to screen out Plaintiff's complaints. Plaintiff had submitted 4 complaints on the matter and was screened out each time. (Compl. pp. 8-9 of 54.)

Plaintiff requests as relief compensatory and punitive damages.

3

### III. Discussion

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

As currently plead, Plaintiff fails to state a claim against defendant K. Harrington and John Does 1 through 3. Plaintiff alleges no facts that link these defendants to any act that deprived Plaintiff of any rights secured under the Constitution or federal law. If Plaintiff is seeking to establish liability against these defendants on the basis of their supervisory role, Plaintiff must allege some form of personal action on the part of supervisory defendants to state a cognizable claim. Vicarious liability is inapplicable to § 1983 suits; a plaintiff must plead that each defendant, through his or her own individual actions, has violated the Constitution or federal law. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).

#### B. Deliberate Indifference

Plaintiff alleges two incidents of deliberate indifference: the October 1, 2008 incident for deprivation of insulin shots for two days, and the November 22, 2008 incident for failure to fully decontaminate Plaintiff after being pepper-sprayed for over five hours, while leaving Plaintiff standing barefoot. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison

officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734.

As currently plead, Plaintiff's allegation that he was deprived of his insulin shots are sufficiently serious. However, Plaintiff fails to allege that the defendants actually knew of the excessive risk to Plaintiff's health. Plaintiff thus does not state a cognizable claim for deliberate indifference against any defendants for the October 1, 2008 incident.[1]

As currently plead, Plaintiff's allegation that he was not fully decontaminated after he was pepper-sprayed and was left standing barefoot for 5 hours despite requiring a cane and specially prescribed shoes also states a sufficiently serious deprivation. However, Plaintiff has also not clearly alleged whether the defendants, or which defendants, knew of the excessive risk to Plaintiff's health. Thus, Plaintiff does not state a cognizable claim for deliberate indifference

---

[1] It is unclear whether Plaintiff intends to name correctional officers Del Louth, Lopez, and Garcia as defendants in this action. These three correctional officers were named in one count, but are not named as defendants. As it is unclear at this time, the Court finds that officers Del Louth, Lopez, and Garcia are not defendants as currently plead in this complaint.

against any defendants for the November 22, 2008 incident.  Plaintiff will be provided an opportunity to amend his complaint to cure the deficiencies identified by the Court herein.

### C.     Excessive Force

Plaintiff alleges excessive force for being pepper-sprayed by defendant M. Rients.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

As currently plead, Plaintiff states a cognizable claim against defendant M. Rients for excessive force in violation of the Eighth Amendment.

### D.     Inmate Grievance Issues

Plaintiff alleges that defendant T. Billings denied Plaintiff his due process and access to the courts by falsely rejecting Plaintiff's inmate grievances in the inmate appeals process.  The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).  Plaintiff has no due process claim under § 1983 for defendant's actions solely in the inmate appeals process.  Plaintiff thus fails to state a claim for violation of due process against defendant Billings solely for his actions in the inmate grievance process.

6

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

A necessary element for this claim requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)); see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Harbury, 536 U.S. at 415.

As currently plead, Plaintiff fails to state a claim for denial of access to the courts. Plaintiff has not sufficiently alleged that he has suffered an actual injury by being shut out of court. Plaintiff's action is currently before this Court and has yet to be denied because of defendant Billing's alleged actions. Plaintiff thus does not state a cognizable claim against defendant Billings for denial of access to the courts.

## IV.   Conclusion and Order

Plaintiff has stated a cognizable excessive force claim against defendant M. Rients. Plaintiff has not stated a cognizable claim against defendants warden K. Harrington, correctional sergeant N. Esparza, correctional officers J. Bittle, E. Parker, and N. Faulker, appeal coordinator CC II T. Billings, and John or Jane Does 1 through 3.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendant M. Rients, Plaintiff may so notify the Court in writing. The Court will then issue an order dismissing K. Harrington, N. Esparza, J. Bittle, E. Parker, N. Faulker, T. Billings, and John or Jane Does 1 through 3 from this action, and will forward Plaintiff one summons and

one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff opts to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a first amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that Plaintiff does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and

///

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **November 18, 2009**            **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE