1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YACUB AVICENNA MCCLENDON, | CASE NO. 1:09-cv-01405-DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT WITHIN **THIRTY DAYS** |
| v. | |
| K. HARRINGTON, et al., | |
| Defendants. | (Doc. 9) |
| _____/ | |

**Order Following Screening Of First Amended Complaint**

I.    **Background**

    A.    **Procedural History**

       Plaintiff Yacub Avicenna McClendon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on August 12, 2009.  (Doc. 1.)  Plaintiff consented to magistrate judge jurisdiction on August 21, 2009.  (Doc. 7.)  On November 18, 2009, the Court screened Plaintiff's complaint and found that he stated a cognizable claim against Defendant Rients for violation of the Eighth Amendment, but failed to state any other claims against any other Defendants.  Plaintiff was ordered either to file an amended complaint or notify the Court of his willingness to proceed only on claims found to be cognizable.  (Doc. 8.)  On December 16, 2009, Plaintiff filed his first amended complaint, which is the operative pleading.  (Doc. 9.)

1

**B.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.    Summary of First Amended Complaint**

Plaintiff was previously incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action allegedly occurred.  Plaintiff names as defendants: warden K. Harrington, correctional sergeant N. Esparza, and correctional officers M. Rients, J. Bittle, E. Parker,  N. Faulker, Del Louth, and Lopez.  Plaintiff alleges violation of the Eighth Amendment.  Plaintiff seeks monetary damages.

Plaintiff alleges the following.  On October 16, 2008, Defendants Del Louth, Lopez, and N. Esparza denied Plaintiff access to his medical treatment for his Type one diabetes for two days.  (First Am. Compl. ("FAC") 3.)  Plaintiff had received a permanent accommodation chrono for the use of orthopedic shoes by CDCR physicians.  (FAC 4.)  Plaintiff had been granted access

2

1   to medical[1] from October 1 to October 15 after showing the Defendants his accommodation

2   chrono.  (FAC 4.)  On October 16, Plaintiff  was denied access to the medical clinic for two days.

3   (FAC 4.)  Plaintiff contends he suffered physical and mental complications because of these

4   Defendants' actions.  (FAC 4.)  Defendant K. Harrington created a policy which allowed these

5   officers to deny Plaintiff his medical accommodation chronos for soft shoes.  (FAC 3.)

6           On November 22, 2008, Defendants J. Brittle, E. Parker, and N. Faulkner denied Plaintiff

7   access to medical treatment to receive his insulin shot, because Plaintiff was not wearing state-

8   issued shoes.  (FAC 5.)  Plaintiff explained to Defendants that he did not have any state-issued

9   shoes, informed them of his accommodation chrono, and requested to be allowed to receive his

10  insulin shot.  (FAC 5.)  Defendants failed to respond responsibly to the accommodation chrono.

11  (FAC 5.)  This led to Defendant M. Rients spraying Plaintiff  in the face with pepper spray,

12  causing severe injury, because Plaintiff expressed his right to his prescribed medical treatment.

13  (FAC 5.)  Defendant Esparza ordered Defendant correctional officers to deny Plaintiff access to

14  medical treatment without state-issued shoes.  (FAC 5-6.)

15  **III.    Discussion**

16          Plaintiff alleges two incidents of deliberate indifference: the October 16, 2008 incident

17  for deprivation of insulin shots for two days, and the November 22, 2008 incident for deprivation

18  of insulin and being pepper-sprayed.  The Eighth Amendment protects prisoners from inhumane

19  methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*,

20  465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh,

21  prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

22  personal safety.  *See Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in*

23  *part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Hoptowit v. Ray*, 682 F.2d

24  1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions

25  of confinement, prison officials may be held liable only if they acted with "deliberate

26  indifference to a substantial risk of serious harm."  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.

27

28

---

[1] The Court assumes Plaintiff refers to the medical clinic for his facility.

1    1998).

2           The deliberate indifference standard involves an objective and a subjective prong.  First,

3    the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer v.*

4    *Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *Johnson*

5    *v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000).  A deprivation is sufficiently serious when the prison

6    official's act or omission results "in the denial of the minimal civilized measure of life's

7    necessities."  *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

8    Second, the plaintiff must make a subjective showing that the prison official knew of and

9    disregarded an excessive risk to an inmate's health or safety.  *Id.* at 837; *Johnson*, 217 F.3d at

10   734.

11          The Court will assume that the deprivation of insulin shots for Plaintiff's type one

12   diabetes is sufficiently serious.  As currently plead, Plaintiff fails to state a cognizable claim

13   against Defendants Del Louth, Lopez, and N. Esparza.  It is unclear from Plaintiff's pleadings

14   whether Defendants denied Plaintiff his insulin shots for two days, or merely the use of his

15   orthopedic shoes for two days.  The pleadings are insufficient to support a claim that Defendants

16   Del Louth, Lopez, and N. Esparza knew of and disregarded an excessive risk to Plaintiff's health.

17          Plaintiff also fails to state a claim against Defendants J. Bittle, E. Parker, and N.

18   Faulkner.  Plaintiff alleges that Defendants failed to respond responsibly.  It is unclear what

19   Plaintiff means by this.  It is not entirely clear Plaintiff was even denied his insulin shot on

20   November 22, 2008.  As currently plead, Plaintiff fails to state a cognizable claim that

21   Defendants J. Bittle, E. Parker, and N. Faulkner knew of and disregarded an excessive risk to

22   Plaintiff's health.

23          Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant

24   Herrington.  Assuming she created the policy of requiring prisoners to wear state-issued shoes to

25   the medical clinic, Plaintiff has not plead facts to support a claim that she actually knew of and

26   disregarded an excessive risk to Plaintiff's health when she created this policy.  Plaintiff's

27   pleadings do not indicate that Defendant Herrington knew of Plaintiff's diabetes and his need for

28   insulin shots.  Furthermore, vicarious liability is inapplicable to § 1983 suits; a plaintiff must

4

1    plead that each defendant, through his or her own individual actions, has violated the

2    Constitution or federal law. *Iqbal*, 129 S. Ct. at 1948-49.

3          Plaintiff also fails to state a cognizable claim against Defendant Rients. Plaintiff

4    contends that it was Defendants J. Bittle, E. Parker, and N. Faulkner's actions that led to Plaintiff

5    being pepper-sprayed by Defendant Rients. "What is necessary to show sufficient harm for

6    purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends

7    upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective

8    component of an Eighth Amendment claim is . . . contextual and responsive to contemporary

9    standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and

10   sadistic use of force to cause harm always violates contemporary standards of decency, regardless

11   of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623,

12   628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of

13   force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives

14   rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Plaintiff's allegations do not support a

15   claim that Defendant Rients acted in a malicious and sadistic manner when he used pepper-spray

16   on Plaintiff. Plaintiff's legal conclusions, plead as facts, are not sufficient. *See Iqbal*, 129 S. Ct.

17   at 1949.

18   **IV.    Conclusion and Order**

19         Plaintiff fails to state a cognizable claim against any Defendants. The Court grants

20   Plaintiff one final opportunity to amend his complaint, curing the deficiencies identified herein.

21   *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of

22   this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d

23   605, 607 (7th Cir. 2007) (no "buckshot" complaints).

24         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

25   each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

26   rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the

27   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

28   ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

1    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

2  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

3  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

4  pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

5  complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

6  (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

7  114 F.3d at 1474.

8    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

9    1.    Plaintiff's first amended complaint is dismissed, with leave to amend, for failure

10         to state any claims under § 1983;

11   2.    The Clerk's Office shall send Plaintiff a complaint form;

12   3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

13         second amended complaint curing the deficiencies identified herein; and

14   4.    If Plaintiff fails to respond within **thirty (30) days**, the Court will dismiss this

15         action for failure to obey a court order and failure to state a claim.

16   IT IS SO ORDERED.

17   **Dated:**   __June 15, 2010__          _____/s/ **Dennis L. Beck**_____

18                                    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28