# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YACUB AVICENNA MCCLENDON,<br><br>        Plaintiff,<br><br>    v.<br><br>K. HARRINGTON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-CV-01405-DLB PC<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO OBEY A COURT ORDER<br>AND FAILURE TO STATE A CLAIM<br><br>(DOC. 13) |

**Order**

    Plaintiff Yacub Avicenna McClendon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 16, 2010, the Court screened Plaintiff's first amended complaint and found that it failed to state a claim. Doc. 13. Plaintiff was ordered to file an amended complaint within thirty days. As of the date of this order, Plaintiff has failed to comply or otherwise respond to the Court's order.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.. Ghazali v.*

1  *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*
2  *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
3  order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
4  1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
5  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
6  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
7  1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

8        In determining whether to dismiss an action for lack of prosecution, failure to obey a
9  court order, or failure to comply with local rules, the court must consider several factors: (1) the
10 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
11 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
12 their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;
13 *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
14 *Ghazali*, 46 F.3d at 53.

15       In the instant case, the court finds that the public's interest in expeditiously resolving this
16 litigation and the court's interest in managing the docket weigh in favor of dismissal.  On June
17 16, 2010, Plaintiff was ordered to file a second amended complaint, but failed to do so.  The third
18 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
19 injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air*
20 *West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
21 of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
22 herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in
23 dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
24 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated:
25 "If Plaintiff fails to respond within thirty (30) days, the Court will dismiss this action for failure
26 to obey a court order and failure to state a claim."  Thus, plaintiff had adequate warning that
27 dismissal would result from his noncompliance with the court's order.

28       Based on the foregoing, it is HEREBY ORDERED that Plaintiff's action is DISMISSED

for failure to obey a court order and failure to state a claim.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

**Dated:**   **December 17, 2010**                    **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE